UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY　　　　　:　　**Civil Action No.   -CV-**
COMMISSION,　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Plaintiff,　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　**COMPLAINT**
KARENKIM, INC. *d/b/a* PAUL'S BIG M　　　　　:　　**JURY TRIAL DEMAND**
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendant.　　　　　　　　　　　　:
---------------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Andrea Bradford, Judith Goodrich and Deborah Haskins, (collectively "Charging Parties") and a class of similarly situated female employees (collectively "Claimants") who were affected by such unlawful practices. As alleged with greater specificity below, Defendant KarenKim, Inc. *d/b/a* Paul's Big M ("Defendant") has engaged in a pattern or practice of sex discrimination against Charging Parties and Claimants by subjecting them to sexual harassment, creating and maintaining a hostile work environment because of their sex (female), and constructively discharging Charging Parties and many of the Claimants, all in continuing violation of Title VII. Many of the Claimants were teenagers at the time they were sexually harassed by Defendant's Store Manager. In addition, Defendant unlawfully terminated Bradford in retaliation for engaging in protected activity and objecting to the unlawful practices.

## JURISDICTION AND VENUE

1.　　　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703(a)(1), 704(a),

706(f)(1) and (3) and 707(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) and 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.  The alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Northern District of New York.

## PARTIES

3.  Plaintiff Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) and 707(a) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3) and 2000e-6.

4.  At all relevant times, Defendant KarenKim, Inc. *d/b/a* Paul's Big M has continuously been a corporation under the laws of New York, doing business in New York, having its registered office in Oswego, New York, located at 276 W. 1st St., Oswego, New York, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6.  More than 30 days prior to the institution of this lawsuit Charging Parties filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  During the time period from January 2001 and continuing through the present, Defendant has engaged in unlawful employment practices, in violation of Sections 703, 704, 706

and 707 of Title VII, 42 U.S.C. §§2000e-2, 2000e-3, 2000e-5 and 2000e-6. These unlawful practices include, but are not limited to, the following:

a. Defendant has engaged and continues to engage in a pattern or practice of sex discrimination against Charging Parties and Claimants by subjecting them to sexual harassment and creating and maintaining a hostile work environment because of their sex (female);

b. Defendant, through its Store Manager, Alan Manwaring, has engaged and continues to engage in a pattern or practice of severe or pervasive sexual harassment of Charging Parties and Claimants on the basis of their sex (female) by routinely physically and verbally sexually harassing Charging Parties and Claimants and other females in their presence.

c. The sexually hostile work environment and unwelcome conduct of a sexual nature includes, but is not limited to, the following conduct:

   i. Defendant, particularly through its Store Manager, on a routine basis, has physically harassed Charging Parties and Claimants, or other women in their presence, by, for example, engaging in the following unwelcome conduct: thrusting his groin into their buttocks, simulating intercourse; grabbing or touching their breasts; grabbing, hitting or touching their buttocks; rubbing up against them and getting uncomfortably close; subjecting female employees to unwanted hugs and kisses; pulling a female employee's shirt away from her body to look down her shirt at her breasts; placing his hands on their hips; and inappropriately touching their hair, shoulders, thighs and other body parts.

   ii. Defendant, particularly through its Store Manager, on a routine basis, has engaged in lewd conduct and made lewd gestures in the presence of Charging Parties and Claimants, by, for example, engaging in the following unwelcome conduct: attempting to expose himself to a female employee and then zipping up his pants after she screamed; and leering at women, staring at their breasts, and looking at them as if he is "undressing" them "with his eyes."

        iii.    Defendant, particularly through its Store Manager, on a routine basis, has verbally harassed Charging Parties and Claimants, and other women in their presence, by, for example, engaging in the following unwelcome conduct: describing his sex life with Defendant's owner in graphic detail; asking female employees about their sex life, including asking them if they are a "moaner" or a "screamer"; commenting inappropriately on women's breasts and bodies and making constant sexual jokes, sexual comments and innuendos; suggesting that a female employee wear tighter clothes and telling her that that if she were single he would be "chasing [her] ass and screwing [her]"; telling a female employee that she had "great tits" and inviting her to "touch [him] down there [because] no one would know"; saying to a teenage employee when she was only 16 years old and still in high school, that if he were ten years younger he would be "on top of her," that "the only way [he'd] knock [her] over is if [he] was knocking [her] down on [his] bed," and that if he were her boyfriend he would never let her "out of the sheets."

    d.    Defendant knew or should have known of the severe or pervasive harassment and hostile work environment, yet failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

    e.    Defendant has engaged in and continues to engage in a pattern or practice of constructively discharging Charging Parties and many of the Claimants because the working conditions were and are so intolerable that a reasonable person under the circumstances would feel compelled to resign.

    f.    Defendant retaliated against Bradford by terminating her employment after she opposed, objected to and complained about the unlawful conduct.

8.    The effect of the practices complained of above has been and continues to deprive the Charging Parties and Claimants of equal employment opportunities and otherwise adversely affects their status as employees because of their sex.

9.    The unlawful employment practices complained of above were and are intentional.

10. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of the Charging Parties and Claimants.

## PRAYER FOR RELIEF

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexually harassing conduct and other employment practices which discriminate on the basis of sex.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against Charging Parties, Claimants and other employees who have engaged in or engage in protected activity under Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole the Charging Parties and Claimants by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement to appropriate positions.

F. Order Defendant to make whole the Charging Parties and Claimants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined a trial.

      G.      Order Defendant to make whole the Charging Parties and Claimants by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain and suffering, embarrassment, inconvenience, humiliation, loss of enjoyment of life, in amounts to be determined at trial.

      H.      Order Defendant to pay Charging Parties and Claimants punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

      I.      Grant such further relief as the Court deems necessary and proper in the public interest;

      J.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 25, 2008　　　　　　　　　Respectfully submitted,
       New York, New York

                                       Ronald Cooper
                                       General Counsel

                                       James L. Lee
                                       Deputy General Counsel

                                       Gwendolyn Young Reams
                                       Associate General Counsel

                                       EQUAL EMPLOYMENT OPPORTUNITY
                                       COMMISSION
                                       1801 L Street, N.W.
                                       Washington, D.C. 20507

                                       _____/s/_____
                                       Elizabeth Grossman
                                       Regional Attorney
                                       elizabeth.grossman@eeoc.gov

_____/s/_____
Judy A. Keenan (NDNY ID# 513463)
Supervisory Trial Attorney
judy.keenan@eeoc.gov

_____/s/_____
Monique J. Roberts
Trial Attorney
New York District Office
33 Whitehall St., 5th floor
New York, N.Y. 10004-2112
Telephone: (212) 336-3704
Facsimile: (212) 336-3623
monique.roberts@eeoc.gov