

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Newark Area Office**

1 Newark Center, 21st Floor
Newark, NJ  07102-5233
Newark Direct Dial:  (973) 645-4684
TTY (973) 645-3004
FAX (973) 645-4524

Kurt J. Jung
Trial Attorney
Phone (973) 645-6430
Fax:  (973) 645-4524

*Filed using ECF*                                      October 15, 2009

**Hon. David E. Peebles, U.S.M.J.**
U.S. District Court for the Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7345
Syracuse, NY 13261-7345

*RE:*   EEOC, Andrea Bradford et. al. v. KarenKim, Inc.,
            Civil Action No. 08-CV-1019 (NAM)(DEP)

**Supplemental Reply Brief in Further Support of EEOC's
Motion to Compel Production of Financial Records**

Dear Judge Peebles,

EEOC requests permission to submit this supplemental reply brief to respond to arguments made in the untimely response submitted by Defendant after EEOC submitted its initial Reply Brief in Further Support of EEOC's Motion to Compel Production of Financial Records.

First, as set forth in EEOC's initial Reply Brief, Defendant violated Local Rule 7.1(b)(3) by failing to comply with the Court's briefing schedule and failing to show good cause for its failure.

Second, Defendant falsely insists in its response opposing financial information that it provided "certain" information was provided during the investigative process, without specifically identifying what was provided.  EEOC has not received any documents in response to its requests for financial information, and Defendant has not provided any proof to the Court that it ever provided such financial information.

Even if the financial information was submitted during EEOC's investigation, Defendant is still required to submit the information in response to discovery requests under the Federal Rules of Civil Procedure, which impose specific duties upon Defendant to supplement, correct and amend responses and have sanctions for improper, untrue or incorrect responses.  EEOC is also requesting current financial information which would not have been disclosed during the investigation phase completed last year.

The cases cited by EEOC demonstrate that EEOC is entitled to discovery of the requested financial information and Defendant has not presented any authority to the contrary.  EEOC has also cited cases where Defendant was directed to produce financial records for a number of years

in order to present a clear picture of Defendant's financial health and wealth.  *See, e.g., Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 2001 U.S. Dist. LEXIS 6021 (D. Kan. Apr. 11, 2001) (denying protective order to prevent discovery of 1993 through 1999 financial statements and income tax returns).

Given the fact that Defendant failed to provide a timely response brief and it can not explain why its financial records should not be disclosed, EEOC respectfully requests that its motion be granted in its entirety.

Sincerely,
/s/
Kurt Jung

cc:     All attorneys of record via ECF filing