

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Newark Area Office**

1 Newark Center, 21st Floor
Newark, NJ  07102-5233
Newark Direct Dial:  (973) 645-4684
TTY (973) 645-3004
FAX (973) 645-4524

Kurt J. Jung
Trial Attorney
Phone (973) 645-6430
Fax:  (973) 645-4524

*Filed using ECF*                                              October 15, 2009

**Hon. David E. Peebles, U.S.M.J.**
U.S. District Court for the Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7345
Syracuse, NY 13261-7345

*RE:*   EEOC, Andrea Bradford et. al. v. KarenKim, Inc.,
        Civil Action No. 08-CV-1019 (NAM)(DEP)

**Supplemental Reply Brief in Further Support of EEOC's
Motion to Quash Deposition of EEOC Investigator and for Protective Order**

Dear Judge Peebles,

EEOC requests permission to submit this supplemental reply brief to respond to arguments made in the untimely response submitted by Defendant after EEOC submitted its initial Reply Brief in Further Support of EEOC's Motion to Quash Deposition of EEOC Investigator and for Protective Order.

First, as set forth in EEOC's initial Reply Brief, Defendant violated Local Rule 7.1(b)(3) by failing to comply with the Court's briefing schedule and failing to show good cause for its failure.

Second, Defendant has not set forth what factual information it expects to obtain from deposing the EEOC Investigator after EEOC furnished to Defendant all factual information contained within the EEOC's investigative file, totaling over 900 pages, including extensive interview notes of witnesses and numerous questionnaire responses completed by current and former employees of Defendant.  Defendant has not distinguished the cases cited by EEOC where courts have stated that compelling the deposition testimony of the EEOC's investigator places an undue burden on EEOC's limited resources, or the ruled that depositions of EEOC investigators should not be allowed because the best source of information is depositions of the witnesses and the documents in EEOC's investigative file.  Defendant has not discussed at all the requirements of Fed. R. Civ. P 26(b)(2)(C) that provides in relevant part that the court <u>must</u> limit the frequency or extent of discovery if the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, the party seeking discovery has had ample opportunity to obtain the information by discovery in the action, or the burden or expense of the proposed discovery outweighs its likely benefit. Similarly, Fed. R. Civ. P. 26(c) authorizes a protective order to prevent discovery such as

proposed by Defendant that is likely to cause undue annoyance, oppression and undue burden and expense.

Third, it should be noted that earlier today, Defendant also filed a Motion for Summary Judgment arguing that the material facts of this case are not genuinely in dispute.  Defendant cannot have it both ways - it cannot argue that it needs to depose the EEOC Investigator on one hand when on the other hand it has filed a motion claiming that material facts are not in dispute.

EEOC places Defendant on notice that if Defendant does not withdraw its frivolous motion for Summary Judgment, EEOC will move to adjourn it to the March 1, 2010 motion deadline previously set in the Uniform Pretrial Scheduling Order of February 5, 2009.  EEOC has not yet been afforded the opportunity to conduct depositions and is still identifying claimants.  In fact, Defendant has been directed to provide additional discovery to EEOC by tomorrow.

Fourth, Defendant is now suggesting that it might depose the EEOC Investigator beyond the 7 hour limitation set forth in the Federal Rules, and without providing any cause, let alone good cause, for extending the time.  This should not be allowed.

Fifth, Defendant also says on one hand that it only seeks factual information from the EEOC Investigator, yet also states that "This same axiom undercuts any claims with regard to privilege as well."  If any deposition is allowed, a protective order should be entered precluding inquiry into privileged matter.

Finally, Defendant's factual assertions are wrong.  Contrary to Defendant's letter brief that EEOC's motion is "replete with factual assertions concerning the resources, or lack thereof, of the EEOC" and that [s]uch facts are neither sworn or based on actual knowledge," EEOC has provided a declaration pursuant to 28 U.S.C. 1746 from Investigator Maureen Kielt stating that she has no independent knowledge of the facts in this case other than what is contained in the file that has already been produced, and describing her extremely heavy caseload and pressing matters.  Defendant mistakenly alleges that EEOC recently revised <u>substantially</u> all of its Rule 26 disclosures.  In *EEOC's First Supplementation to its initial Disclosures Pursuant to F.R.C.P. 26(a)(1)*, EEOC merely identified claimants and provided information about backpay calculations for certain claimants.  Most, if not all, of these claimants were previously identified as witnesses in EEOC's Initial Disclosures, and backpay calculations were not part of EEOC's administrative investigation.  EEOC expects to identify additional information after it obtains the employee information Defendant has been directed to produce tomorrow.  However, EEOC's identification of additional claimants and provision of damages information during discovery does not warrant a deposition of the EEOC Investigator.

EEOC respectfully requests that EEOC's motion be granted in its entirety.

Sincerely,
/s/
Kurt Jung

cc:     All attorneys of record via ECF filing